**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE OF FLORIDA**
**JACKSONVILLE DIVISION**
Case No.: 3:20-cv-841-J-32PDB

PHYLLIS N. WILLIAMS-YOUNG, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

RCI, LLC,

    Defendant.

**DEFENDANT'S PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, RCI, LLC ("RCI"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6), hereby moves to partially dismiss the Class Action Complaint filed by Plaintiff, Phyllis Williams-Young ("Plaintiff") to the extent that it seeks to allege either (1) RCI's vicarious liability for third-parties, or (2) claims on behalf of putative class members. In support, RCI states as follows:

**I.     FACTUAL ALLEGATIONS**

Plaintiff filed her Class Action Complaint ("Complaint") against RCI on July 28, 2020. (Doc. 1). The Complaint alleges a single count for violation of the Telephone Consumer Protection Act (the "TCPA"). Plaintiff alleges that, beginning on June 25, 2020, she began receiving one to two telemarketing calls per day to her cellular telephone number ending in 7017. (Doc. 1, at ¶¶ 23, 25). According to Plaintiff, she never consented to RCI placing calls to her cellular phone. (Doc. 1, at ¶ 30). Further, Plaintiff states that, "[o]n at

1

least seven occasions" she "informed Defendant she was not interested and verbally requested for the calls to cease." (Doc. 1, at ¶ 27). Nonetheless, Plaintiff alleges that she continued to receive the calls. (Doc. 1, at ¶ 28).

Plaintiff also pleads that the telephone calls were made to her using an automated telephone dialing system ("ATDS"), which she was able to identify due to "a distinctive, noticeable pause prior to being connected to Defendant's representative." (Doc. 1, at ¶¶ 19, 20, 29). As a result of the telephone calls, Plaintiff claims a laundry list of minor and improbable injuries, including for example, "wear and tear to Plaintiff's cellular phone" caused by the telephone calls. (Doc. 1, at ¶ 31).

Relevant to this Motion, the Complaint also contains vague allegations that appear to assert that RCI is responsible for the conduct of a third-party agent that violated the TCPA. Plaintiff's core allegations suggest that RCI itself directly violated the TCPA, alleging that Plaintiff received telephone calls "from Defendant" (Doc 1, at ¶ 25), that she answered "Defendant's calls" (Doc. 1, at ¶ 26), that requested to "Defendant" that the calls cease (Doc. 1, at ¶ 27), and that "[d]espite Plaintiff's requests, Defendant's marketing calls continued." (Doc. 1, ¶ 28). On the other hand, however, Plaintiff also alleges that "Defendant is subject to liability under the TCPA for actions of their third party vendors who are engaging in outbound telemarketing efforts on their behalf," and that "Defendant's third party vendors identify themselves as representatives of "RCI." (Doc. 1, at ¶¶ 15-16). No further allegations of fact are provided, only unadorned legal conclusions.

Finally, Plaintiff sets forth "Class Allegations" that purport to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. (Doc. 1, at ¶¶ 32-46). Plaintiff also requests that the Court grant relief on a class-wide basis. (Doc. 1, p. 9).

As detailed below, the Court should dismiss the Complaint on two bases. First, the Court should dismiss Count I to the extent that it attempts to assert a theory of vicarious liability without setting forth facts sufficient to satisfy Rule 8. Second, the Court should dismiss Plaintiff's class claims on the basis that Plaintiff merely recites the elements of class certification without any supporting factual allegations.

## II. LEGAL STANDARD

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled allegations as true and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 873 F. 3d 1348, 1351 (11th Cir. 2017). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis supplied).

## III. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed to the Extent That It Attempts to Plead a Theory of Vicarious or Agency Liability.

To the extent that Plaintiff attempts to assert a claim against RCI based on RCI's vicarious liability for the nebulous actions of some third-party operative, the Complaint fails

to state a cause of action.[1]  Vicarious liability under the TCPA is based on principals of agency under federal common law.  *See In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6574 (2013) ("[W]e clarify that while a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable ***under federal common law principles of agency*** for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." (emphasis added)); *see also Grant v. Regal Auto. Grp., Inc.*, No. 8:19-CV-363-T-23JSS, 2020 WL 3250075, at *2 (M.D. Fla. Mar. 12, 2020) ("The FCC has acknowledged that vicarious liability for violating the TPCA may be predicated upon federal common law agency principles.").

The federal common law on agency follows the Restatement.  *Kobold v. Aetna U.S. Healthcare, Inc.*, 258 F. Supp. 2d 1317, 1324 (M.D. Fla. 2003) ("[C]ourts adopting agency as part of the federal common law follow the Restatement of Agency.").  Under the Restatement (Third) of Agency § 1.01:

> Agency is the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.

---

[1] RCI does not assert that the Complaint fails to state a direct claim against RCI for violation of the TCPA. While RCI denies the factual allegations against it and disputes the Plaintiff's ability to prove those allegations, RCI also recognizes that this Motion to Dismiss under Rule 12(b)(6) is not the proper forum for those issues. RCI's arguments with regard to Count I relate solely to whether Plaintiff has pled a theory of vicarious liability against RCI for the actions of third parties.

Applying the vicarious liability standard, courts have consistently rejected conclusory allegations regarding a defendant's vicarious liability for telemarketing calls under the TCPA as insufficient under Rule 8.  *See Hirsch v. Lyndon S. Ins. Co.*, No. 3:17-CV-1215-J-39JBT, 2019 WL 5110622, at *3, n.6 (M.D. Fla. June 7, 2019) ("In general, 'the TCPA allows parties to establish vicarious liability through common law principles of agency.'  However, because the undersigned recommends that Plaintiff has not complied with Rule 8, the undersigned further recommends that the Court need not address the substance of Plaintiff's arguments regarding vicarious or joint venture liability."); *Abramson v. 1 Glob. Capital, LLC*, No. 15-CV-61373, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) ("If Plaintiff wishes to impose vicarious liability on Defendant for the actions of another, he must make it clear that he intends to do so, cite appropriate statutory provisions, and set forth relevant facts indicating that vicarious liability is proper."); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) ("With that principle in mind, even viewing the allegations in a light most favorable to the Plaintiff and drawing all reasonable inferences in its favor, as the Court must on a motion to dismiss, the Court concludes that the Plaintiff's non-conclusory allegations with regard the agency relationship between CCL and Adsource fail to 'nudge' his claims against CCL 'across the line from conceivable to plausible....'"); *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 WL 8335868, at *7 (M.D. Tenn. Nov. 19, 2014) ("[T]he mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough."); *Rogers v. Postmates Inc.*, No. 19-CV-05619-TSH, 2020 WL 1032153 (N.D. Cal. Mar. 3, 2020) (dismissing TCPA claim based on vicarious liability).

In the case at hand, despite vague references to "third-party vendors" in the Complaint, Plaintiff fails to plead facts that would plausibly show that RCI is vicariously liable for the actions of any other entity. Plaintiff's statement that "Defendant is subject to liability under the TCPA for actions of their third party vendors who are engaged in outbound telemarketing efforts on their behalf" is merely a general restatement of TCPA vicarious liability law, untethered to any meaningful factual allegation. (Doc. 1, at ¶15). Nothing in the Complaint plausibly alleges that a third-party made calls to Plaintiff, that those calls were made at RCI's direction or under RCI's control (or even if RCI's knowledge), or that RCI authorized some third party to act in its stead. Thus, Plaintiff fails to sufficiently plead vicarious liability under Rule 8.

Without any allegations supporting a plausible theory of vicarious liability, the Complaint fails to state such a claim. Therefore, to the extent that Count I seeks to proceed on a theory of vicarious liability, the Court should dismiss Count I.

### B. The Court Should Dismiss Plaintiff's Class Claims.

Plaintiffs' class allegations also fail to state a plausible claim for relief under Rule 8. Numerous courts, including this Court, have held that Rule 8's pleading requirements under Twombly and Iqbal apply with equal force to a plaintiff's class allegations. *See Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-CV-564-FTM-38CM, 2015 WL 1418607, at *6 (M.D. Fla. Mar. 27, 2015) (dismissing TCPA class allegations where "the Plaintiff does not provide the Court with any factual basis other than a speculation based upon the Plaintiff's information and belief that some forty other business also received the alleged facsimiles in violation of the TCPA"); *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857JLL, 2009 WL 1652275, at *4

(D.N.J. June 11, 2009) ("After Twombly, courts in this circuit have found that class allegations must also comply with Rule 8(a) in order to proceed to class discovery."); *Huchingson v. Rao*, No. 5:14-CV-1118, 2015 WL 1655113, at *3 (W.D. Tex. Apr. 14, 2015) ("[A] majority of courts have found that a 12(b)(6) analysis of class allegations is appropriate, even when the plaintiff has not yet filed a motion for conditional class certification," collecting cases); *Meggs v. Condotte Am., Inc.*, No. 12-20876-CIV-GOODMAN, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012) ("[W]here a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage.").

The rationale for such subjecting class allegations to *Twombly* and *Iqbal* was appropriately stated in *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013):

> This motion to dismiss does not, in the Court's opinion, simply end-run the certification process by trying certification on the face of the complaint. To survive a motion to dismiss, a plaintiff must give the defendant fair notice of the putative class. No evidence is required. The plaintiff's reward for surviving a motion to dismiss is discovery. Moreover, counsel may have some incentive to keep the claims unspecific to achieve the largest possible class; the motion to dismiss is a defendant's shield against this danger.

*Id.* at 3 (citations and quotations omitted).

Here, the Plaintiff's class allegations contain nothing more than a threadbare recitation of the elements of Rule 23 related to class certification. For example, Plaintiff pleads that "[u]pon information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the putative class," (Doc. 1, at ¶ 36), but Plaintiff offers no factual allegations that would support that belief. Perhaps the most glaringly

7

deficient allegation is with regard to typicality, where Plaintiff merely pleads, in a single sentence, that "Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct."  (Doc. 1, at 39).

While RCI does not recite each of the class allegations in this Motion, even a cursory review of the remaining class allegations reveals that they also restate the bare legal elements of class certification without any factual support whatsoever.  These types of conclusory "upon information and belief" allegations – without any supporting factual allegations at all – are precisely the type of allegations rejected by this Court in *Daisy, Inc.*  In this case, the Court should similarly find that Plaintiff's class allegations fail to meet the Rule 8 pleading standard, and that Plaintiff's class claims should be dismissed.

WHEREFORE, RCI respectfully requests that the Court enter an Order (1) dismissing Count I of the Class Action Complaint to the extent that it purports to state a claim for vicarious liability under the TCPA, (2) dismissing Plaintiff's class claims as insufficiently pled under Rule 8, and (3) granting such further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  September 25, 2020

*/s/ Christian M. Leger*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 100562
cleger@shutts.com

8

**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**FRANK A. ZACHERL, ESQ.**
Florida Bar No. 868094
fzacherl@shutts.com
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile: (561) 822-5527

*Attorneys for RCI*

ORLDOCS 18067866 2

9