# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PHYLLIS N. WILLIAMS-YOUNG,
individually, and on behalf of all
others similarly situated,

    Plaintiff,

v.                                              Case No. 3:20-cv-841-TJC-PDB

RCI, LLC,

    Defendant.

## O R D E R

This case is before the Court on Defendant RCI, LLC's Partial Motion to Dismiss Plaintiff's Class Action Complaint. (Doc. 14). This motion requires the Court to decide whether Plaintiff Phyllis Williams-Young has sufficiently pled violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. on behalf of others similarly situated. Williams-Young filed a response in opposition to the motion. (Doc. 19).

### I. BACKGROUND

Williams-Young alleges that RCI violated the TCPA by placing unsolicited phone calls to her one to two times a day. (Doc. 1 ¶ 25). Williams-Young alleges that she never provided RCI with express written consent to call her, (Id. ¶ 30), and that she requested that the calls cease on "at least seven

occasions," (Id. ¶ 27). Each time she answered she "experienced a distinctive, noticeable pause prior to being connected to" RCI's representative, (Id. ¶ 29), which lead her to believe RCI used an automatic telephone dialing system to dial her number, (Id. ¶¶ 53–54). Williams-Young alleges that each time she answered RCI's calls, the caller would identify themselves as "RCI" or "Spinnaker for RCI." (Id. ¶ 26). She also claims that RCI "utilizes third party vendors to market its services," (Id. ¶ 12), and that RCI made phone calls to thousands of consumers, (Id. ¶ 36). Williams-Young has filed this lawsuit on behalf of herself and those similarly situated for violations of the TCPA. (Id. at 1).

In its Motion, RCI asks the Court to dismiss Williams-Young's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim to the extent that the Complaint alleges "either (1) RCI's vicarious liability for third-parties, or (2) claims on behalf of putative class members." (Doc. 14 at 1). RCI does not move to dismiss Williams-Young's allegations that RCI violated the TCPA with respect to Williams-Young.

**II. DISCUSSION**

To survive RCI's 12(b)(6) motion to dismiss, Williams-Young's pleading must contain "enough facts to state a claim to relief" under the TCPA "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a complaint, a court should disregard unsupported

conclusory statements and assume true any factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The TCPA prohibits any person from initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)((1)(B); see 47 C.F.R. § 64.1200(a)(2).

### A. Vicarious Liability

Vicarious liability under the TCPA is established using traditional agency principles, see Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168 (2016), as revised (Feb. 9, 2016), and RCI argues Williams-Young has not alleged any facts that plausibly establish an agency relationship between RCI and any third party vendor, (Doc. 14 at 6). In her response, Williams-Young argues she is not asserting a vicarious liability theory against RCI, (Doc. 19 at 3–4), instead she says "[t]he references to third parties in Plaintiff's complaint were intended to put Defendant on notice that Plaintiff intends on asserting a theory of vicarious liability in the event discovery reveals that a third party acting on behalf of Defendant placed the violating calls to Plaintiff." (Id. at 3) If discovery reveals a third party made the calls, Williams-Young states she will amend her Complaint to add a vicarious liability theory. (Id. at 3–4). Because Williams-Young states that she has not alleged a vicarious liability theory under the TCPA, there is nothing to dismiss. Should Williams-Young raise a vicarious liability theory later, RCI will be free to challenge the allegations at that time.

### B. Class Claims

Federal Rule of Civil Procedure 23 requires that all class actions meet the requirements of 23(a), including (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, as well as one of the requirements of 23(b). Sometimes "the propriety [or not] of class certification can be gleaned from the face of the pleadings," however, often "pleadings alone are . . . not sufficient to establish whether class certification is proper . . . ." Mills v. Foremost Ins. Co., 511 F.3d 1300, 1309 (11th Cir. 2008).

Here, assuming all factual allegations as true, Williams-Young has alleged enough facts for the class claims to survive. Williams-Young alleges RCI made "phone calls to thousands of consumers," (Doc. 1 ¶ 36), and questions such as whether RCI "used an 'automatic telephone dialing system'" would be common to all putative class members, (Id. ¶ 38). Further, all class members allege violations of the TCPA, (Id. at 7), and Williams-Young alleges class members can be identified using RCI's records, (Id. ¶ 37). Finally, Williams-Young claims she will "adequately and fairly represent and protect the interests" of the class, (Id. ¶ 44), and that a class action will be the best method of bringing class members' claims because there will be many claims of low economic value and "[e]conomies of effort, expense, and time will be fostered and uniformity of decisions ensured," (Id. ¶¶ 41–43). At this stage, Williams-Young has pled sufficient facts to bring a class action claim against RCI. See

Mills, 511 F.3d at 1309. Of course, the Court does not prejudge how it will rule on the actual motion to certify the class.

Accordingly, it is hereby

**ORDERED:**

1. Defendant RCI's Partial Motion to Dismiss Plaintiff's Class Action Complaint (Doc. 14) is **DENIED**.

2. No later than **March 1, 2021**, RCI shall answer Plaintiff Williams-Young's Class Action Complaint.

3. In all other respects, the Case Management and Scheduling Order (Doc. 20) continues to govern the case.

**DONE AND ORDERED** in Jacksonville, Florida the 11th day of February, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

cm
Copies:

Counsel of record